

Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., of New York City, of counsel), for plaintiff.

George J. Beldock, of New York City (Abraham Wilson, of New York City, of counsel), for defendants.

**MANDELBAUM, District Judge.**

The plaintiff has heretofore moved for summary judgment and a preliminary injunction against the defendants. The subject matter of the litigation involves primarily a Christmas stocking manufactured and sold by the plaintiff, and one manufactured and sold by the defendants, which stocking is covered by United States Letters Patent No. 120,161. The defendants, by cross-motion, moved against the plaintiff for a preliminary injunction against the continuance by the plaintiff of certain alleged enumerated acts. The plaintiff's motion was heard and decided by Judge Clancy, November 22nd, 1940, and a formal order and judgment was entered on November 29th, 1940. The defendants' cross-motion was heard by this court on November 26th, 1940.

I have reviewed the entire proceeding had before Judge Clancy, as well as the one presently before me. I feel that there is little for me to decide. The principal questions have been disposed of. What has been left open by the prior decision I can properly consider. Among other things, Judge Clancy decided the following (I quote from the conclusions of law):

"1. The plaintiff, by manufacturing or selling its article is not infringing the defendants' patent. Judgment to this effect

## MILLBURN MILLS, Inc., v. MEISTER et al.

District Court, S. D. New York.

Dec. 2, 1940.

can be awarded summarily for no evidence can change the design of either. * * *"

"3. Plaintiff is entitled to an injunction against the defendants * * * from representing in any way that the plaintiff's stocking infringes the patent rights whatever they may be of the defendants in United States Design Letters Patent No. 120,161, by reason of its manufacture or sale of its stocking or by threatening any of the plaintiff's customers with prosecution or punishment based on any such claim of infringement."

In the order and judgment entered on November 29th, 1940, it appears that the plaintiff's motion for summary judgment on the defendants' first and second counterclaim was denied, the court being in doubt as to whether they stated a cause of action for infringement or unfair competition; the court also denied the plaintiff's motion for summary judgment for unfair competition interposed in its reply to the defendants' counterclaim. Essentially therefore, what is left in the pleadings are cross suits for unfair competition.

In the light of what has transpired, how far can this court go in granting relief to the defendants? After careful consideration, the court declines to grant a preliminary injunction to the defendants on their claim for unfair competition. The arguments in support thereof were originally advanced on the defendant's claim of infringement by the plaintiff. These were rejected by the court. The same arguments are now urged in support of the claim for unfair competition. While it is true that the adjudication of non-infringement by Judge Clancy is not decisive on the issue of unfair competition, the court, in view of all the circumstances in this case, will not on the conflicting affidavits submitted by both sides, grant such relief.

But one other question remains to be answered. Judge Clancy, in holding the defendants' stocking not to infringe on the plaintiff's, did *not* hold defendants' patent to be invalid and the court must treat the same as a valid and subsisting patent. The plaintiff, in its brief, still persists in urging the invalidity of the defendants' patent. I believe the defendants may be aggrieved on this score and are entitled to some measure of relief. The court therefore enjoins the plaintiff from representing, advertising or causing to be represented, advertised or asserted directly or indirectly that the defendants' United States Letters Patent No. 120,161 is void and invalid. In all other respects the motion is denied.

Submit findings and order in accordance with the foregoing on one day's notice.